IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANDRA WATERMAN,
     Plaintiff,

vs.                                     Case No. 07-1317-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
     Defendant.

MEMORANDUM AND ORDER

Plaintiff filed the present action following a denial of her application for disability insurance benefits and supplemental security income ("SSI").  For the following reasons, the court denies plaintiff's appeal.

Plaintiff filed an application for supplemental security income on June 9, 2004. (Tr. at 30 and 58).  Plaintiff's application was denied initially and upon reconsideration.  (Tr. at 54-57 and 48-51).  Plaintiff filed a request for hearing on April 18, 2005.  (Tr. at 47).  Administrative Law Judge ("ALJ") William Horne held a hearing on November 27, 2006 (Tr. at 389) and issued an unfavorable decision on February 22, 2007. (Tr. at 30-37).  The Appeals Council denied the plaintiff's request for review of the hearing decision in an order dated August 11, 2007.  (Tr. at 7-12).

Plaintiff appeals the decision of the ALJ on three bases.  First, plaintiff alleges that the ALJ did not properly develop the record in the case.  Second, plaintiff alleges that the ALJ's residual

functional capacity ("RFC") does not properly reflect the substantial evidence of record and does not include a narrative statement. Third, plaintiff alleges that the record does not support the ALJ's decision at step four.

This court's review of the Commissioner's decision is limited. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court determines if the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Reversal is appropriate if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1214.

Under 20 C.F.R. § 404.1512(a), plaintiff must demonstrate that she was unable to work because of a medically determinable impairment which lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404 1512(a). *See also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976); *Barnhart v. Walton*, 535 U.S. 212 (2002) (upholding the Commissioner's interpretation of the statutory definition which requires that the disability, not only the impairment, must have existed or be expected to exist for 12 months). In assessing a disability claim, the Commissioner must use a five-step sequential evaluation process ("SEP"). *See* 20 C.F.R. § 404.1520 (2005). In steps 1-3, the ALJ determines whether plaintiff is engaged in substantial gainful activity, whether she has a medically determinable impairment that is "severe" under the Act, and whether plaintiff suffers

2

from an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, subpt. P, App.1.  *Id*.   At step four of the process, the ALJ must address three phases in making a determination.  *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). The first phase requires an evaluation of the claimant's residual functional capacity.  *Id*. at 1023. The second phase entails an examination of the demands of the claimant's past relevant work. *Id*. In the third phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id*. Specific findings are required at all phases.  *Id*.

In the present case, the ALJ determined that plaintiff suffered from the following severe impairments:  (1) osteopenia/osteoarthritis with history of neck and low back pain; (2) stress incontinence; (3) gout; (4) gastroesophageal reflux disease;  and (5) depression with anxiety. (Tr. at 36).  However, he determined that these impairments, singly, or in combination, did not "meet or equal any criteria contained in the Listing of Impairments . . . ." (Tr. at 37).  Having received testimony from a vocational expert (Tr. at 430-39), Judge Horne found the plaintiff was capable of performing her past relevant light work as a personal attendant on a sustained, full-time basis, and concluded she was not disabled as defined by the Act.  (Tr. at 36).

Plaintiff first claims the ALJ failed to properly develop the record in this case.  She argues the record contains evidence of a mental impairment, but no psychological examination was ordered, contrary to 20 C.F.R. 404.1519a, which provides:

(a)(1) General. The decision to purchase a consultative examination for you will be made after we have given full consideration to whether the additional information needed (e.g., clinical findings, laboratory tests, diagnosis, and prognosis) is readily available from the records of your medical sources.  See § 404.1512 for the procedures we will follow to obtain evidence from your medical sources.  Before

3

purchasing a consultative examination, we will consider not only existing medical reports, but also the disability interview form containing your allegations as well as other pertinent evidence in your file.

(2) When we purchase a consultative examination, we will use the report from the consultative examination to try to resolve a conflict or ambiguity if one exists. We will also use a consultative examination to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision.

(b) Situations requiring a consultative examination. A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim. Other situations, including but not limited to the situations listed below, will normally require a consultative examination:

(1) The additional evidence needed is not contained in the records of your medical sources;

(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;

(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;

(4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or

(5) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. 404.1519a does not require the ALJ to arrange a consultative examination in every instance.  The pertinent inquiry is whether the record contains sufficient medical evidence for the Commissioner to make an informed decision regarding the claimant's alleged impairment.  *See Robertson v. Chater*, 900 F. Supp. 1520, 1530 (D. Kan. 1995).  "[A] 'full inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision."  *Id.* at 1530, quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977).  The ALJ noted that the medical records showed that the plaintiff was only prescribed anit-depressant medication by her

4

family practitioner.  (Tr. at 34).  Dr. Cox never ordered the plaintiff into psychotherapy or psychiatric hospitalization and there is no record that the plaintiff received any psychotherapy or psychiatric hospitalization.  (Tr. at 34).  The medical records show minimal complaints of mental impairments.  (Tr. at 34).  Dr. Cox's treatment notes do not support any of the symptoms alleged by the plaintiff at the administrative hearing.  (Tr. at 243-44 and 310).  The plaintiff testified to crying spells, decreased energy and decreased concentration as symptoms at the administrative hearing.  (Tr. at 416).  The ALJ found the plaintiff's allegations were not credible.  (Tr. at 32).  *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995) (ALJ's finding that the claimant's testimony that claimant needed a two-hour nap each day was not credible because claimant failed to report such a restriction to a physician); *McKenney  v. Apfel*, 38 F. Supp. 2d 1249, 1256 (D. Kan. 1999) (claimant's failure to tell treating or examining physicians about having to lie down after being up two to three hours supports the ALJ's finding that claimant's complaints were not credible).

An impairment must be established by medical evidence, and must last for a continuous period of at least 12 months.  20 C.F.R. § § 404.1508, 404.1509, 416.908 and 416.909.  The plaintiff did not produce medical evidence that supported a finding of a severe mental impairment.  The ALJ found that the plaintiff's  depression was not severe.  (Tr. at 34).  The Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42. U.S.C. § 423(d)(1)(A). Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) that results from anatomical,  physiological, or psychological abnormalities and that could reasonably be expected

to produce the pain or symptoms alleged.  20 C.F.R. § 416.929(b).  Social Security Ruling (SSR) 96-4p further states "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment."  SSR 96-4p.

Plaintiff claims a severe mental impairment of depression, but does not identify the limitations resulting from the depression.  The mere diagnosis of an impairment is not evidence of functional limitations.  *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th. Cir. 1988) (the focus is not on the diagnosis, but on the extent to which the plaintiff had limitations preventing regular employment); *See also Trenary v. Bown*, 898 F.2d 1361, 1364 (8th Cir. 1990) (the mere presence of a mental disturbance is not disabling per se, absent a showing of severe functional loss establishing an inability to engage in substantial gainful activity).

The record does not support plaintiff's claim that she suffers from a severe mental impairment.  Nor does it support a finding that plaintiff's alleged depression has any effect on the her ability to function or perform basic work activities.  The court finds that the ALJ properly developed the record.  Further the ALJ's finding that the plaintiff did not suffer from a severe mental impairment is supported by substantial evidence.

Plaintiff next claims that the ALJ's RFC is not proper because he did not explain his findings, nor did he rely upon all of the evidence of the record.  A plaintiff's RFC is what he or she can do despite his or her limitations.  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  The ALJ noted that the objective medical evidence does not support the plaintiff's allegations of disability. (Tr. at 34-35).  The medical records reflected that the plaintiff had grip strength of 20 pounds in the

6

right hand and 15 pounds in the left hand with normal dexterity.  (Tr. at 185).  The plaintiff testified

that she dropped things and had no grip.  (Tr. at 412).  The plaintiff testified to disabling pain.  (Tr.

at 404).  The ALJ noted that Dr. Cox's treatment notes indicated that the plaintiff remained active

physically.  (Tr. at 33 and 243).  Judge Horne found that the plaintiff had the capacity for a light

work as defined in the regulations with a sit/stand option and no repetitive movement of her neck.

(Tr. at 35).  Plaintiff could not repetitively push or pull.   (Tr. at 35).  Judge Horne also made the

following findings: (1) plaintiff needed two 20-minute unscheduled breaks a day; (2) plaintiff could

not perform work requiring fine dexterity; and (3) plaintiff could only do simple and routine work.

(Tr. at 35-36).

        Further, the ALJ found the plaintiff's subjective allegations not entirely credible based on:

(1) the inconsistency with plaintiff's medical records; (2) plaintiff's limited treatment; (3) plaintiff's

noncompliance with recommended treatment; (4) plaintiff's impairments improved with treatment;

and (5) plaintiff continued work part time.  (Tr. at 31-35).  The ALJ noted that the record reflects

plaintiff's non-compliance with physician's orders.   (Tr. at 34).  Dr. Cox, plaintiff's treating

physician, had instructed her to stop smoking.  (Tr. at 241, 243,  270, 289 and 294).  The ALJ noted

the plaintiff testified she is continuing to smoke.  (Tr. at 424 ).  The regulations specifically state that

remediable impairments that persist due to failure to follow prescribed treatment generally are

disfavored as a basis for "disability" (20 C.F.R.  § § 404.1530 and 416.930).  Additionally, "[t]he

failure to follow prescribed treatment is a legitimate consideration in evaluating the validity of an

alleged impairment."  *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996); *see also Dellinger v.*

*Barnhart*, 298 F.Supp. 2d 1130, 1137-38 (D. Kan. 2003).  Dr. Cox's treatment notes do not support

any of the symptoms alleged by the plaintiff at the administrative hearing.  (Tr. at 243-44 and 310).

The plaintiff testified to crying spells, decreased energy and decreased concentration as symptoms at the administrative hearing.  (Tr. at 416).

The ALJ specifically detailed the evidence he relied upon in making a decision.  The ALJ devoted six pages to a thorough evaluation of the evidence, in which he explained his findings.  (Tr. at 31-36).  The ALJ's RFC was properly determined and is amply supported by the record.

The plaintiff's final allegation is that the record does not support the ALJ's decision at step four.  At step four, the ALJ engages in a comparative assessment of the claimant's RFC and the demands of the work the claimant has done in the past to determine whether the claimant can do her past relevant work.  *See* 20 C.F.R. § 404.1520(e).  The plaintiff alleges that the ALJ erred by not making exertion-by-exertion RFC findings, because it would prevent an evaluation of plaintiff's past relevant work.

However, the ALJ described plaintiff's abilities and limitations, noting that the plaintiff could perform light work as defined in the regulations.  (Tr. at 35, 36, 432 and 413).  He went on to specifically that plaintiff: (1) required a sit/stand option; (2) could make no repetitive movement of her neck; (3) could do no repetitive pushing and pulling; (4) required two 20-minute unscheduled breaks; (4) had no bilateral fine dexterity; and, (5) could do only simple and routine work.  (Tr. at 35-36).  The vocational expert testified that based on the plaintiff's RFC, someone could perform plaintiff's past relevant work as a personal attendant. (Tr. at 432-34).  The vocational expert testified that while the DOT's description of the personal attendant job requires frequent "fingering", (meaning, from context, tasks done with one's hands, including reaching, holding or gripping items, assembly tasks, and handling objects), in her experience a personal attendant did not engage in such work apart from "frequent reaching in terms of dusting, running vacuum cleaners . . . ." (Tr. at 437).

8

The court finds that the ALJ properly determined from the record that plaintiff retained the ability to do her past relevant work.

IT IS ACCORDINGLY ORDERED this 13th day of March 2009, that plaintiff's appeal is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE